# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                          **4:15-CR-00305-02-JM**

**XAVIER BRIGHT**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 258) is DENIED.

**I.   BACKGROUND**

On April 20, 2017, Defendant pled guilty conspiracy to possess with intent to distribute, and distributing, crack cocaine.[1]  On August 2, 2017, he was sentenced to 60 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 150, 151.

[2] Doc. Nos. 170, 172.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons.

Even if I had jurisdiction, the request would be denied. Defendant seeks compassionate release based on his asthma and obesity. First, his health conditions are not severe enough to be "extraordinary and compelling." Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Neither asthma nor obesity are listed. Defendant's health issues are not uncommon.[6] Furthermore, Defendant presented neither argument nor medical records to establish that his medical conditions cannot be controlled with medication. Notably, Defendants' asthma did not prevent him from smoking marijuana daily from age 16 until he pled guilty to the instant offense. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 32 years old, which means he does not meet the minimum age requirement under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, a sentence reflecting the severity of the offense and protecting the public from additional crimes by Defendant. Defendant has two prior drug-related convictions, which is the same behavior involved in the instant offense.   Additionally, Defendant has a long history of substance abuse.

Also relevant is the conduct for the instant offense, and in this case, Defendant, along with his co-conspirators, was repeatedly selling crack cocaine to customers in 2014 and 2015.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 258) is DENIED.

IT IS SO ORDERED, this 14th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE